IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RODOLFO MEDINA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-00162 |
| | § | |
| JOHN DOE AND KILGORE & | § | |
| KILGORE TRANSPORT, LLC | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RODOLFO MEDINA, Plaintiff, complaining of KILGORE & KILGORE TRANSPORT, LLC, and LARRY LARUE, Defendants. Plaintiff would respectfully show the Court and Jury the following:

1.

1.   Your Plaintiff is a resident and citizen of the State of Texas.

2.   Your Defendant KILGORE & KILGORE TRANSPORT, LLC, a foreign limited liability corporation organized and existing under the laws of the Arkansas, whose home office address is 159 Cash St., Harrison, Boone County, Arkansas 72601, is being served through its attorney of record, Daniel J. Guarasci, Sr., LAW OFFICE OF MARK E. MACIAS, 1100 Northwest Loop 410, Ste. 370, San Antonio, Texas 78213-2200.

3.   Defendant LARRY LARUE, a resident of Harrison, Boone County, Arkansas, whose residence address is 22 Meadow Lark Ln., Harrison, Boone County, Arkansas 72601, may be served with process herein by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Travis County, Texas 78701, as his agent for service.

2.

4.     Plaintiff would show that venue is proper in Webb County, Texas under the provisions of Tex. Civ. Prac. & Rem. Code, Ch. 15, §§ 15.001, et seq., because the collision made the basis of this lawsuit occurred in Webb County, Texas.

3.

5.     It has become necessary to bring this suit by reason of injuries and damages sustained by your Plaintiff on or about May 9, 2016.  Plaintiff would show that on or about that date, Plaintiff was sitting in the passenger seat of a parked tractor trailer.  The incident occurred at the 13117 block of Spivey Dr. in Laredo, Webb County, Texas, when Defendant LARRY LARUE failed to control speed and struck the vehicle in which Plaintiff was a passenger with great force and violence.

4.

6.     Your Plaintiff would show that nothing he did nor failed to do caused or in any way contributed to cause the occurrence in question or the resulting injuries and damages he sustained.  On the contrary, the occurrence in question, and the injuries and damages suffered by your Plaintiff were proximately caused by the total negligence and carelessness of Defendants, in that Defendants failed to exercise ordinary care for persons similarly situated to your Plaintiff, including your Plaintiff, in one or more of the following respects:

(1)     In that LARRY LARUE, maintained the vehicle which he was driving at an excessive rate of speed immediately prior to the collision, Tex. Trans. Code § 542.206;

(2)  In that LARRY LARUE, failed to make timely and proper application to the brakes of the vehicle which he was driving at the time of the collision, Tex. Trans. Code § 547.401;

(3)  In that LARRY LARUE, operated the vehicle which he was driving in a careless and reckless manner, Tex. Trans. Code § 545.401;

(4)  In that LARRY LARUE, failed to keep a proper lookout for other vehicles at the time of and on the occasion made the basis of this suit;

(5)  In that LARRY LARUE, failed to keep the vehicle which he was driving under reasonable and proper control;

(6)  In that LARRY LARUE, failed to reduce the speed of the vehicle which he was driving immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances, Tex. Trans. Code § 545.357;

(7)  In that LARRY LARUE, failed to sound a warning when it first became evident that he was going to collide with another vehicle, Tex. Trans. Code § 547.501; and

(8)  In more particularity to be shown at the time of trial.

7.  Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all a proximate cause of the occurrence made the basis of this suit and the damages and injuries suffered by your Plaintiff herein.

5.

8.  Furthermore, Defendant KILGORE & KILGORE TRANSPORT, LLC, is legally responsible to your Plaintiff for the negligent conduct of LARRY LARUE under the legal doctrines of respondeat superior, agency and/or ostensible agency, because LARRY LARUE was at all times material hereto an agent, ostensible agent, servant, and/or employee of KILGORE & KILGORE TRANSPORT, LLC, and was acting within the course and scope of his employment.  Further, the truck being operated by LARRY LARUE was

3

owned, maintained and/or operated by KILGORE & KILGORE TRANSPORT, LLC, and KILGORE & KILGORE TRANSPORT, LLC, is responsible to your Plaintiff for his damages for any negligent maintenance of the vehicle or supervision of LARRY LARUE, which was a proximate cause of the occurrence in question.

9. Additionally, Defendant KILGORE & KILGORE TRANSPORT, LLC, failed to exercise ordinary care in entrusting its vehicle to the Defendant LARRY LARUE when it knew in the exercise of ordinary care or should have known that Defendant LARRY LARUE was an unsafe driver and thus, are liable for negligent entrustment as that term is defined under the laws of the State of Texas.

10. Additionally, Defendant KILGORE & KILGORE TRANSPORT, LLC, failed to properly train and supervise Defendant LARRY LARUE.

6.

11. All conditions precedent to Plaintiff's cause of action have been performed or have occurred.

7.

12. Your Plaintiff has been damaged as a result of the occurrence made the basis of this lawsuit and the negligence of your Defendants. Your Plaintiff has suffered all legal elements of damages recognized by law, including, without limitation, physical pain and mental anguish, physical impairment, disfigurement, loss of ability to perform household services, loss of earnings or earning capacity, has incurred reasonable and necessary medical bills and expenses and will, in all reasonable probability, continue to suffer some or all of said legal elements of damages in the future beyond the date of trial of this cause. Accordingly, your Plaintiff maintains this suit against your Defendants for

4

each of his foregoing legal elements of damages in a just and reasonable sum to be determined under the sound discretion of the jury far in excess of the jurisdictional minimals of this Honorable Court. Further, your Plaintiff maintains this suit for pre-judgment and postjudgment interest of his damages as authorized by law.

8.

13. Pursuant to Tex. Civ. Prac. & Rem. Code § 30.014, the last three digits of Plaintiff's driver's license are 447, and the last three digits of Plaintiff's Social Security number are 876.

WHEREFORE, your Plaintiff prays that your Defendants be cited in terms of law to appear and answer herein, and that upon final trial hereof, he have judgment as prayed for against your Defendants; that he have pre-judgment interest on said judgment as authorized by law; that he have interest on said judgment at the legal rate from date of entry until paid; that he have his costs of court; and that he have such other and further relief, general or special, legal or equitable, to which he may show himself justly entitled and for which he will ever pray.

Respectfully submitted,

MATTHEWS & FORESTER

  /s/ Kelly Forester
KELLY FORESTER
FBA# 17031
TBA# 00787482
3027 Marina Bay Drive, Suite 320
League City, Texas 77573
(281) 535-3000
FAX: (281) 535-3010
kforester@matforlaw.com

ATTORNEYS FOR PLAINTIFF

5

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the above and foregoing instrument has been sent to all counsel via certified mail/return receipt requested, hand delivery, or facsimile transmission on October 19, 2017.

                                    */s/ Kelly Forester*
                                    KELLY FORESTER